# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

ANTHIA KAY HENDRIX,
aka ANTHEA KAY HENDRIX.
fka LL CURTIS,

        Debtor

Case No. 3:20-bk-32684-SHB
Chapter 7

ANTHEA KAY HENDRIX,

        Plaintiff

    v.

JODIE LODEN;
JENNIFER CHADWELL; and
DANIEL FORRESTER

        Defendants

Adv. Proc. No. 3:21-ap-3022-SHB

## MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS
## BY JENNIFER CHADWELL AND ON AMENDED PRO SE MOTION FOR LEAVE
## TO FILE SUPPLEMENTAL COMPLAINT

**APPEARANCES**:    ANTHIA KAY HENDRIX
                        107 Flenniken Avenue
                        Apartment 201
                        Knoxville, Tennessee 37920
                        Pro Se Plaintiff

                        AMY ELIZABETH BROWN, ESQ.
                           Peterson White, LLP
                           6330 Baum Drive
                           Knoxville, Tennessee 37919
                           Attorney for Defendant Jodi Loden

                        WILLIAM E. MADDOX, JR., ESQ.
                           Post Office Box 31287
                           Knoxville, Tennessee 37930
                           Attorney for Defendant Jennifer Chadwell

        H. DANIEL FORRESTER, III, ESQ.
        224 North Main Street
        Clinton, Tennessee 37716
        Pro Se Defendant

**SUZANNE H. BAUKNIGHT**
**UNITED STATES BANKRUPTCY JUDGE**

## I. PROCEDURAL POSTURE

Plaintiff,[1] acting *pro se*, initiated this adversary proceeding on May 6, 2021, by the filing of her Pro Se Complaint Objecting to Claim (the "Initial Complaint") [Doc. 1] against Defendants Jodi Loden, Jennifer Chadwell, and Daniel Forrester.[2] Plaintiff filed an Amended Pro Se Complaint Objecting to Claim ("Amended Complaint") [Doc. 11] on June 17, 2021.[3] On June 30, 3021, Plaintiff filed a Pro Se Motion for Leave to File Supplemental Complaint [Doc. 25] and an Amended Pro Se Motion for Leave to File Supplemental Complaint [Doc. 26] (collectively, "Plaintiff's Motion to Amend and Supplement"), to which objections have been filed by Defendant Chadwell [Doc. 30] and Defendant Loden [Doc. 35].

Pursuant to Federal Rule of Civil Procedure 15(a)(3) and Federal Rule of Bankruptcy Procedure 9006(a) and (f), answers to the Amended Complaint were due on July 6, 2021.[4] All Defendants answered timely.[5] In addition, Defendant Chadwell filed a Motion to Dismiss [Doc. 28] on June 30 (the "Motion to Dismiss").

---

[1] Plaintiff Anthia Kay Hendrix is the debtor in the associated Chapter 7 bankruptcy case, *In re Anthia Kay Hendrix*, No. 3:20-bk-32684-SHB (Bankr. E.D. Tenn.) ("Bankruptcy Case"), filed on December 7, 2020.

[2] Defendants Loden and Forrester are attorneys who participated in state-court conservatorship litigation (discussed below) that was initiated in 2001 concerning Plaintiff's son, Joel McKaig [Doc. 11 at ¶ 13], referred to herein as the "Ward." Plaintiff was the Ward's initial conservator. [Doc. 45-4.] By 2018, Defendant Chadwell had been appointed as the guardian ad litem for the Ward. [Doc. 45-9 at p. 4.] By mid-2019, Defendant Loden became the attorney for the substitute conservator, Jennifer McKaig (Plaintiff's daughter) [Doc. 45-36 at pp. 5, 7], and Defendant Forrester was serving as the attorney ad litem for the Ward [*see* Doc. 45-34 at p. 4].

[3] Plaintiff timely filed the Amended Complaint without motion pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), made applicable here by Federal Rule of Bankruptcy Procedure 7015, because it was filed within twenty-one days of the answers filed by Defendants Loden and Chadwell [Docs. 5, 10.]

[4] The Amended Complaint was filed and served on June 15, making the deadline for response two weeks (*see* Fed. R. Civ. P. 15(a)(3)) plus three days later (*see* Fed. R. Bankr. P. 9006(f)), or Sunday, July 3, making the responses due on Tuesday, July 6, because of the federal July 4th holiday (Fed. R. Bankr. P. 9006(a)(1)(C)).

[5] *See* Docs. 10 (filed June 15, 2021, by Defendant Chadwell); 19 and 31 (filed June 21 and July 2, 2021, by Defendant Forrester); 22 (filed June 29, 2021, by Defendant Brown). On June 17, 2021, Plaintiff filed a Pro Se Application and Affidavit for Default Judgment [Doc. 13] and Pro Se Motion for Default Judgment [Doc. 12] to seek entry of a default judgment against Defendants Chadwell and Forrester. Because Defendants Chadwell and Forrester timely responded to Plaintiff's Amended Complaint [Docs. 28, 31], the Court must deny Plaintiff's request for a default judgment.

The operative complaint is the Amended Complaint, in which Plaintiff asserts that she is objecting to a claim and seeking to determine the dischargeability of a debt. [Doc. 11 at p. 1.] Plaintiff identifies the following as her causes of action: "Count I: Judgment is Void Pursuant to F.R.Civ.P. 60(b)(4)"; "Count II: Fraud, Misrepresentation or Misconduct by an Opposing Party Pursuant to F.R.Civ.P. 60(b)(3)"; and "Count III: Declaration Judgment."[6] [Doc. 11 at pp. 10, 13, 14.] Plaintiff states the following prayer for relief:

> WHEREFORE, the Plaintiff prays this Court:
>
> 49. Declare and adjudge the Creditors' claim for attorney's fees in the amount of $115,109 be dismissed, vacated and/or discharged per F.R.Civ.P. 60(b)(3), (4) and 18 U.S. Code § 152.
>
> 50. Declare and adjudge all of the Anderson County Chancery Court orders and any and all other breaches dismissed or vacated per F.R.Civ.P. 60(b)(3) and (4).
>
> 51. Declare and adjudge that the Plaintiff's Schedule C exemptions be included in the discharge of her debt pursuant to 11 U.S.C. § 522(f)(1)(B);
>
> 52. Plaintiff demands a jury trial;
>
> 53. Award the Plaintiff attorney's fees and costs of this action per F.R.Civ.P. 54(d)(1)(2); and
>
> 54. Award such other relief as is just and equitable.

[Doc. 11 at pp. 14-15.] Plaintiff summarizes her claims in the Amended Complaint as follows: "This Complaint addresses void orders and fraud on the court in the form of orders entered without legal jurisdiction, based on unsubstantiated allegations and fabricated evidence." [Doc. 11 at ¶ 9.]

---

[6] Plaintiff identifies two sub-parts to Count III: "Creditors Liable under Fed. Rules of Civ. Proc. 60(b)(3),(4) and 18 U.S. Code § 152" and "Dischargeability of Debt under 11 U.S.C. § 522(f)(1)(B)." [Doc. 11 at pp. 13-14.]

Pending and ripe before the Court are Defendant Chadwell's Motion to Dismiss [Doc. 28][7] and Plaintiff's Motion to Amend and Supplement [Doc. 26].[8]  Plaintiff responded in opposition to the Motion to Dismiss [Docs. 33, 34].  Defendants Chadwell and Loden objected to the Motion to Amend and Supplement. [Docs. 30, 35.]

## II.  LITIGATION HISTORY BETWEEN THE PARTIES[9]

There is much water under the bridge[10] in the state-court litigation that lies at the heart of Plaintiff's requests for relief in this adversary proceeding.  Indeed, the state-court matter at issue was initiated more than twenty years ago, as evidenced by a May 25, 2001 Order Appointing Conservator in the case that was then captioned "State of Tennessee Department of Children's Services, Petitioner, vs. Joel McKaig, Respondent," Anderson County Chancery Court No.

---

[7] On August 11, 2021, just as the Court was finalizing this Memorandum, Defendant Loden filed her Motion of Defendant Jodi B. Loden to Stay or Dismiss Adversary Proceeding with supporting brief [Docs. 54, 55], which will be denied as moot because the case will be dismissed on Defendant Chadwell's Motion to Dismiss.

[8] Plaintiff also filed a Motion to Dismiss, Vacate or Discharge Judgment for Fraud on the Court; Memorandum of Points and Authorities; Declaration of Plaintiff; Exhibits (consisting of 250 pages) on July 20, 2021 [Doc. 36], and an Amended Pro Se Motion to Dismiss, Vacate or Discharge Judgment for Fraud on the Court; Memorandum of Points and Authorities; Declaration of Plaintiff; Exhibits (consisting of 375 pages) on July 26, 2021 [Doc. 45]. Plaintiff asks the Court to enter "an order discharging, dismissing or vacating the September 10, 2020 judgments entered against [Plaintiff] in Anderson County Chancery Court for attorneys' fees . . . [and for the] Court to dismiss or vacate other or all of the judgments entered against her in the Anderson County Chancery Court Case No. 01CH1436." [Doc. 45 at p. 2.]  Plaintiff does not recite any procedural mechanism for her motion; she appears merely to ask the Court to decide the merits of her claims summarily based on the documents submitted.  Clearly, such a motion is not appropriate under Federal Rule of Civil Procedure 12(c), nor has Plaintiff presented an appropriate motion for summary judgment under Federal Rule of Civil Procedure 56.  Defendant Loden filed her Objection to Amended Motion to Dismiss, Vacate or Discharge Judgment for Fraud on the Court and supporting brief on August 11, 2021, raising procedural and other grounds in opposition to Plaintiff's amended motion. [Docs. 52, 53.]  Because the Court will dismiss this adversary proceeding on a finding herein that Plaintiff has failed to state a claim on which relief may be granted, the Court also will deny Plaintiff's motion (as amended) as moot.

[9] Under Federal Rule of Civil Procedure 12(b), the Court must take as true "all well-pleaded material allegations of the pleadings of the opposing party."  Thus, the Court will recite the underlying history of the state-court proceedings from Plaintiff's Amended Complaint and documents that she has supplied, some of which are certified copies of state-court filings. Solely for the purposes of determining the Motion to Dismiss, the Court hereby takes judicial notice pursuant to Federal Rule of Evidence 201(c) of the state-court records supplied by Plaintiff (whether or not the copies are certified).

[10] The Court recites here only the most pertinent events in the Anderson County Chancery Case.

01CH1436 (the "Anderson County Chancery Case"). [Doc. 45-4.] Although the apparent initial purpose of the Anderson County Chancery Case was the appointment of a conservator for the Ward, in 2017, his father filed a Petition to Remove Conservator (the "2017 Petition") in the Anderson County Chancery Case, changing the case caption to "Joel McKaig and father, Dennis McKaig, Petitioners, vs. Anthea Toutges, a/k/a Anthea Hendrix, a/k/a Anne Hendrix, Respondent." [Docs. 11 at ¶ 13; 45-5.] The 2017 Petition sought to replace Plaintiff as the Ward's conservator with Jennifer McKaig, Plaintiff's daughter ("Jennifer"). [Doc. 11, at ¶ 13.] In August 2018, Plaintiff was replaced by Jennifer as the Ward's conservator. [Doc. 45-9.] By the time of the 2018 conservator change, Defendant Chadwell was serving as the Ward's guardian ad litem in the Anderson County Chancery Case. [*Id.* at p. 4.] By the spring of 2019, Defendant Forrester was serving as the Ward's attorney ad litem. [*See* Doc. 45-34 at p. 4.]

By February 2019, the Anderson County Chancery Case caption was "Anthea Hendrix Toutges, Original Petitioner/Respondent, vs. Jennifer McKaig, Original Respondent/Limited Conservator/Movant," and the state court issued a Temporary Restraining Order and Injunction (the "TRO") against Plaintiff, "temporarily restrain[ing] [her] from going about [the Ward], and from interfering in any way with his medical care and treatment, pending further hearing." [Docs. 45-18, 45-20.] Plaintiff complains that the state court lacked jurisdiction to issue the TRO [Doc. 11 at ¶ 14], which was left in place indefinitely, according to Plaintiff. [Doc. 11 at ¶ 16.] Plaintiff asked the state court, among other things, to remove Defendant Chadwell as the Ward's guardian ad litem and to dissolve the TRO. [Docs. 45-22, 45-27, 45-31, 45-39.] By July 2019, Defendant Loden had begun to represent Jennifer in the Anderson County Chancery Case. [Doc. 45-36 at pp. 5, 7.] Plaintiff complains here that Defendant Loden presented false

testimony in the Anderson County Chancery Case and that the Chancellor improperly issued rulings adverse to Plaintiff. [Doc. 11 at ¶¶ 18-22.]

Jennifer asked the Chancellor to tax to Plaintiff Jennifer's costs and attorney's fees, as well as the costs and fees of the guardian ad litem and the attorney ad litem [Doc.45-52 at ¶ 16], and the court scheduled the matter for an August 2020 trial. Plaintiff also moved for removal of Jennifer as the conservator. [Doc. 45-54.] On August 12 and 13, 2020, a trial was conducted in the Anderson County Chancery Case on the following: (1) Plaintiff's petition to remove conservator, (2) Plaintiff's motion to strike the motion for restraining order and motion to dissolve and/or modify the TRO, (3) Jennifer's petition to expand the conservatorship, (4) Jennifer's motion for a restraining order against Plaintiff, and (5) Jennifer's motion for a judgment for attorney's fees against Plaintiff. [Doc. 45-59.] On September 10, 2020, the Chancellor entered an order that denied Plaintiff's various requests for relief and granted Jennifer's various requests for relief, including taxing Plaintiff with the attorneys' fees and costs of Jennifer, the guardian ad litem, and the attorney ad litem. [*Id.*] The court also indicated that a judgment would issue and would serve as a judgment lien on Plaintiff's "personal property, real property, and/or financial assets." [*Id.* at ¶ 5.] The court also found:

> [T]he initial stay on the execution of the . . . judgment shall be lifted as the Court finds that evidence in this case and the past conduct of [Plaintiff] are such that the Court has reason to believe that [Plaintiff] . . . is likely to attempt to fraudulently dispose of, conceal and/or remove her portion of the inheritance proceeds from the Estate of Bruce Hendrix and/or any other assets that she may have so as to attempt to avoid enforcement of th[e] . . . judgments, thereby endangering the satisfaction of the judgment.

[*Id.*] The Chancellor then entered an order awarding a judgment against Plaintiff in the following amounts: (1) $78,784.20 to Defendant Loden; (2) $19,040.00 to Defendant Chadwell; and (3) $17,285.00 to Defendant Forrester (the "Judgment"). [Doc. 45-60.]

Main Document    Page 8 of 17

Plaintiff appealed the Judgment to the Tennessee Court of Appeals, which appeal remains pending. [Doc. 45-46.]

On December 7, 2020, Plaintiff filed her Bankruptcy Case, seeking on numerous occasions to remove the Anderson County Chancery Case and the related appeal before the Tennessee Court of Appeals, No. E2020-01131-COA-43-CV. [Bankruptcy Case, ECF Nos. 58, 59, 72, 75, 89, 90, 98, 103, 104, 120, 121.] Because Plaintiff's removal attempts were deficient for numerous procedural reasons, the Court struck the notices. [Bankruptcy Case, ECF Nos. 73, 76, 93, 100, 106, 128.]

### III. THE PARTIES' POSITIONS

A. **Plaintiff's Motion to Amend and Supplement**

Plaintiff seeks to amend or supplement her Amended Complaint to correct the date of the TRO (from February 19, 2019, to February 11, 2019) and to add allegations concerning emails from the Chancellor's assistant to Plaintiff in June 2021 concerning the submission of a proposed order after an April 2021 hearing. [Doc. 26 at ¶¶ 6-9.] Plaintiff argues that the allegations of the June communications apply to paragraphs 14, 16, and 29 of the Amended Complaint, which purport to lay the foundation for Plaintiff's request for this Court to find that the TRO and subsequent orders in the Anderson County Chancery Case are void. [Doc. 26 at ¶¶ 12; *see also* Doc. 11 at ¶¶ 14, 16, 29.]

Defendant Chadwell objects to Plaintiff's Motion to Amend and Supplement. [Doc. 30.] She argues that Plaintiff's proposed supplement to her Amended Complaint, while "not mention[ing] the claim of [Defendant] Chadwell one single time," [*id.* at p. 1], would require Defendant Chadwell to file yet a third answer. She argues that the information Plaintiff seeks to add is "completely irrelevant to the purported purpose of the complaint and the amended

complaint," which seek "to object to a claim, and . . . to determine the dischargeability for a debt." [*Id.*] Defendant Loden also objects, arguing that the "proposed supplemental complaint is nonsensical, repetitive, [and] irrelevant." [Doc. 35 at ¶ 2.] She notes that Plaintiff's voluminous filings in this Court should be stopped ("Enough is enough."). [*Id.* at ¶¶ 4-5.]

### B. Defendant Chadwell's Motion to Dismiss

Defendant Chadwell asks the Court to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), made applicable here by Federal Rule of Bankruptcy Procedure 7012. [Docs. 28, 29.] She notes that Plaintiff expressly states two purposes for this case: to object to a claim and to determine dischargeability of a debt. [*Id.*] Defendant Chadwell then argues that because the deadline to object to the dischargeability of a debt under 11 U.S.C. § 523 expired on March 15, 2021, Plaintiff's request for the Court to determine the dischargeability of a debt is moot. [*Id.*] Noting that Plaintiff's "fifteen-page, fifty-four paragraph [Amended] Complaint" does not explicitly mention Defendant Chadwell's claim that was filed in the Bankruptcy Case on February 24, 2021, she states, "[N]owhere does the Plaintiff actually pray this claim be rendered void, rendered moot, modified, or in fact, [for] any action at all." [Doc. 29 at p. 2.] Finally, Defendant Chadwell argues that Plaintiff "merely tries to retry the [Anderson County Chancery Case], throwing invectives and slanderous comments at all the Defendants; comments that would, in fact, be sanctionable had an attorney filed this under Rule 11." [*Id.*] Ultimately, Defendant Chadwell argues for dismissal of Plaintiff's claims based on "res judicata or on the Rooker-Feldman doctrine." [*Id.*]

Plaintiff argues in opposition that because the Motion to Dismiss recites the Initial Complaint rather than the Amended Complaint, the Motion to Dismiss is moot.[11] [Doc. 34 at p.

---

[11] The Motion to Dismiss, filed on June 30, 2021, does not cite specifically to the Amended Complaint; however, it clearly references the "fifteen-page, fifty-four paragraph [Amended] Complaint." [Doc. 29 at p. 2; *compare* Initial

5.] She also asserts that her allegations are sufficient to meet pleading standards under Federal Rules of Civil Procedure 8(a)(3) and 9(b). [*Id.*] Plaintiff restates the basis of her "causes of action" as follows: "The creditors' claims are based on void judgments, pursuant to F.R.Civ.P. 60(b) (4) [*sic*], and fraud, misrepresentation and misconduct by an opposing party pursuant to F.R.Civ.P. 60(b) (3) [*sic*], which were alleged in Counts I and II of Plaintiff's Complaint." [*Id.*]

## IV. ANALYSIS

### A. Motion to Amend or Supplement

Federal Rule of Civil Procedure 15(a) allows amendment of a party's pleadings for a second time only with the consent of the opposing party or with the Court's permission. Fed. R. Civ. P. 15(a)(1), (2). With leave of court, a party may supplement a pleading to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although the Court may grant a request to supplement a pleading "on just terms," Fed. R. Civ. P. 15(d), and leave to amend should be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend or supplement may be denied when the proposed amendment or supplementation would be futile. *See Harris v. Davidson Cnty. Sheriff*, No. 19-5041, 2019 WL 7573883, at *3 (6th Cir. Dec. 11, 2019).

The Court will deny Plaintiff's Motion to Amend and Supplement as futile because she fails to state any claim on which the Court may grant relief, as explained below. Plaintiff's proposed amended and supplemental allegations do not change the character of her stated claims in the Amended Complaint. The dates recited by Plaintiff for the February 2019 orders of the state court are not material. Further, as Plaintiff acknowledges, her supplemental allegations for

---

Complaint, Doc. 1 (eleven pages and forty-six paragraphs), *with* Amended Complaint, Doc. 11 (fifteen pages and fifty-four paragraphs). Because the Motion to Dismiss clearly responds to the Amended Complaint, the Court will not address further Plaintiff's argument that the Motion to Dismiss is moot.

events that occurred after June 19, 2021 (when Plaintiff filed her Amended Complaint), are intended to apply to paragraphs 14, 16, and 29 of the Amended Complaint, but they do not state any new claim for relief. [Doc. 26 at ¶ 12.]  Such supplemental allegations add nothing of merit to the Amended Complaint so that supplementation would be futile.

### B. Motion to Dismiss

#### 1. Standard for Rule 12 Dismissal

Under Federal Rule of Civil Procedure 12(b), the Court must dismiss a complaint if, after taking as true "all well-pleaded material allegations of the pleadings of the opposing party . . . , 'no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Jackson v. Pro. Radiology, Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973); *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).  The Court evaluates the Amended Complaint to determine whether it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Notably, "'[a]lthough the pleadings of pro se litigants should be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys, even pro se plaintiffs are required to adhere to basic pleading requirements.'" *Kinney v. Anderson Lumber Co. (In re Kinney)*, No. 3:20-BK-30540, 2021 WL 161956, at *8 (Bankr. E.D. Tenn. Jan. 13, 2021) (quoting *Bruce v. Great Britain*, No. 18-6149, 2020 WL 2065955, at *2 (6th Cir. Mar. 19, 2020)).

The Amended Complaint includes three counts: (1) "Judgment is Void Pursuant to [Fed. R. Civ. P.] 60(b)(4)"; (2) "Fraud, Misrepresentation or Misconduct by an Opposing Party Pursuant to [Fed. R. Civ. P.] 60(b)(3)"; and (3) "Declaratory Judgment" for "Creditors Liable

under [Fed. R. Civ. P.] 60(b)(3),(4) and 18 U.S. Code § 152" and "Dischargeability of Debt under 11 U.S.C. § 522(f)(1)(B)." [Doc. 11 at pp. 10-14.] Because Plaintiff is appearing pro se, the Court construes the Amended Complaint liberally, without limiting the claims to those expressly enumerated within the Complaint itself.

### 2. Subject Matter Jurisdiction

The threshold issue for any federal court's review of claims is subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). As explained recently by the Sixth Circuit Court of Appeals, "An expansive definition of 'related to' jurisdiction governs § 1334(b)."[12] *Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, No. 18-5674, 761 F. App'x 553, 559 (6th Cir. Jan. 24, 2019). The test for "related-to" jurisdiction, which is "broad but not limitless," "is whether the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (citations omitted). That is, "if the *outcome* of the proceeding could *conceivably* 'alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)' or otherwise impact 'the handling and administration of the bankruptcy estate,'" then the Court has subject matter jurisdiction under § 1334(b). *Id.* at 560 (citations omitted).

For purposes of the Motion to Dismiss, the Court assumes, without deciding, that at least "related-to" subject matter jurisdiction exists here because Plaintiff challenges her underlying liability to Defendants, so that if Plaintiff's Amended Complaint states a claim against Defendants, such conceivably could impact the administration of the Chapter 7 bankruptcy estate.

---

[12] "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

### a. Mootness

Even if the Court possesses subject matter jurisdiction under § 1334(b), Plaintiff must show that her claims are not moot. Federal courts lack jurisdiction to hear a claim that has become moot because it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the U.S. Constitution. "'Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.' 'When — for whatever reason — the dispute discontinues or we are no longer able to grant meaningful relief to the prevailing party, the action is moot, and we must dismiss for lack of jurisdiction.'" *Kentucky v. United States ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (citations omitted).

Plaintiff requests a declaratory judgment that "[a] portion of [her] debt [to Defendants] is dischargeable under 11 U.S.C. § 522(f)(1)(B)." [Doc. 11 at ¶ 47.] Indeed, the debt owed to Defendants under the Judgment was discharged on March 30, 2021 (although the Judgment lien remains unaffected by the discharge[13]). [Bankruptcy Case, ECF No. 86.] Thus, Plaintiff's claim concerning the dischargeability of the debt is moot and must be dismissed.

### b. *Rooker-Feldman* Doctrine

The remaining purpose of the Amended Complaint is to challenge the Judgment as "void" under Federal Rule of Civil Procedure 60(b), subparts (3) and (4). [Doc. 11 at pp. 10-13.] Unfortunately for Plaintiff, the *Rooker-Feldman* Doctrine bars this Court from reviewing the Judgment. As this Court recently explained:

> Under Supreme Court precedent, "lower federal courts [i.e., federal courts other than the Supreme Court] [are barred] from engaging in appellate review of state-court judgments." *Telos Ventures Grp., PLLC v. Short (In re Short)*, Bankr. No. 1929471, Adv. Proc. No. 20-2027, 2020 WL 6877152, at *4 (Bankr. D. Utah

---

[13] *See In re Kalabat*, 592 B.R. 134, 143 (Bankr. E.D. Mich. 2018) ("If a creditor had a lien to secure payment of a pre-petition debt before the Chapter 7 bankruptcy, that lien survives, or 'rides through' the Chapter 7 bankruptcy and bankruptcy discharge, unless the lien is avoided in the bankruptcy case.").

Oct. 30, 2020) (citation omitted) (first alteration in original). As one bankruptcy court recently explained:

> In other words, "[f]ederal district courts do not have jurisdiction to review, reverse, or invalidate state court decisions." . . . The Supreme Court explains that the *Rooker-Feldman* Doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." "In other words [for *Rooker-Feldman* to apply], an element of the claim must be that the State Court wrongfully entered its judgment." Further, as noted in *Mayotte v. U.S. Bank National Association*, 880 F.3d 1169, 1175 (10th Cir. 2018): "[T]here would be a *Rooker-Feldman* issue if the federal suit alleged that a defect in the state proceedings invalidated the state judgment. That was what *Rooker* was about — alleged violations of due process, equal protection, and the Contract Clause by the state court."
>
> *Id.* (citations omitted); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

*In re Kinney*, 2021 WL 161956, at *10. The question that the Court must answer to determine whether *Rooker-Feldman* precludes the Court from exercising jurisdiction is "whether the source of a plaintiff's claims are state court judgments or another independent source." *Scharbrough v. S. Cent. Ohio Job & Fam. Servs.*, No. 2:20-cv-4527, 2021 WL 2314848, at *5 (S.D. Ohio June 7, 2021).

Plaintiff argues that she pleaded allegations sufficient to overcome the Motion to Dismiss:

> Regarding the Defendant's contention that Plaintiff failed to sufficient (1 – object to a claim, and (2 – determine dischargeability of a debt, Plaintiff was clear about the claim she objected to and why the debt should be discharged: The creditors' claims are based on void judgments, pursuant to F.R.Civ.P. 60(b)(4), and fraud, misrepresentation and misconduct by an opposing party pursuant to F.R.Civ.P. 60(b)(3), which were alleged in Counts I and II of Plaintiff's Complaint.

[Doc. 34 at p. 2.] Thus, Plaintiff's argument, as well as the express allegations of the Amended Complaint, make clear that the source of Plaintiff's claims is the Judgment in the Anderson County Chancery Case, which she asks this Court to invalidate. This the Court cannot do.

This case is remarkably similar to the facts presented recently to the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals in *Reyes v. Kutnerian (In re Reyes)*, BAP No. EC-18-1229-BSL, 2019 WL 1759749 (B.A.P. 9th Cir. Apr. 19, 2019), *aff'd*, 812 F. App'x 464 (9th Cir. July 8, 2020). The debtors there argued to the bankruptcy court that they were deprived of their due process rights in state court and that the state-court judgment against them "was 'void' because it was obtained through [the creditor's] 'extrinsic fraud' on the court." *Id.* at *3. They also argued that the creditor made false statements and that such "constituted another 'extrinsic fraud' on the [state] court and also deprived it of jurisdiction." *Id.* Finally, as here,[14] the debtors argued that the creditor violated federal criminal statutes, "which also supported a finding of extrinsic fraud on the court." *Id.*

Simply, Plaintiff's conclusory allegations of "void orders and fraud on the court in the form of orders entered without legal jurisdiction," which state-court orders Plaintiff asserts were "based on unsubstantiated allegations and fabricated evidence" [Doc. 11 at ¶ 9], do not create a cause of action in this Court. "The law is quite clear that Civil Rule 60(b) applies to relief from a judgment of a **federal** court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a **state** court judgment." *In re Reyes*, 2019 WL 1759749, at *5; *see also Holder v. Simon*, 384 F. App'x 669 (9th Cir. June 21, 2010) (affirming the district court's dismissal of a complaint seeking to vacate an alleged fraudulent state-court judgment under Civil Rule 60(b)); *James v. DLJ Mortg. Cap., Inc.* No. 13-13936, 2015 WL 1119948, at *13 (E.D. Mich. Mar. 11, 2015) ("Rule 60(b) applies exclusively to 'requests for relief from the federal

---

[14] Debtor asserts that Defendants committed "fraud, perjury and negligence pursuant to 18 U.S. Code § 152." [Doc. 11 at ¶ 42.]

district court's own decisions; it does not give the court jurisdiction to relieve a party from state court judgments.'" (citation omitted)).

For these reasons, the Court is precluded from exercising jurisdiction over Plaintiff's "Rule 60(b)" claims. Further, the Amended Complaint states no cognizable claim over which this Court has jurisdiction. Accordingly, the Court must grant the Motion to Dismiss.

## V. CONCLUSION

Because the Court finds that the allegations sought to be amended and supplemented to the Amended Complaint would be futile, Plaintiff's Amended Pro Se Motion for Leave to File Supplemental Complaint will be denied. Moreover, even construing the Amended Complaint liberally, the Court must dismiss this action for Plaintiff's failure to state a claim over which the Court has subject matter jurisdiction or otherwise for which relief may be granted. For these reasons, the Motion to Dismiss by Defendant Jennifer Chadwell will be granted, and this case will be dismissed with prejudice. Finally, for the reasons stated herein, the Court also will deny (1) the Pro Se Application and Affidavit for Default Judgment [Doc. 13]; (2) the Pro Se Motion for Default Judgment [Doc. 12]; and (3) the Motion to Dismiss, Vacate or Discharge Judgment for Fraud on the Court; Memorandum of Points and Authorities; Declaration of Plaintiff; Exhibits [Doc. 36] and Amended Pro Se Motion to Dismiss, Vacate or Discharge Judgment for Fraud on the Court; Memorandum of Points and Authorities; Declaration of Plaintiff; Exhibits [Doc. 45].

An order consistent with this Memorandum will enter.

FILED: August 12, 2021

                                                    BY THE COURT

                                                   *s/ Suzanne H. Bauknight*

                                                   SUZANNE H. BAUKNIGHT
                                                   UNITED STATES BANKRUPTCY JUDGE